## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CAF and CTF**, minor children by their father, **Anthony R. Fiore, Jr**.; **MP**, a minor child by his father, **Michael Pond**; **TP**, a minor child by her mother, **Tiffany Parrott**; **AV**, a minor child by his father, **Paul Vogel**;<br><br>                                          **Plaintiffs,**<br><br>v.<br><br>**VIACOM, INC., and GOOGLE, INC.,**<br><br>                                          **Defendants.** | Case No.<br><br>**COMPLAINT**<br><br>**CLASS ACTION**<br><br>**JURY DEMAND** |

Plaintiffs, by and through their parents and guardians, on behalf of themselves and all others similarly situated, by and through undersigned counsel, and upon knowledge as to themselves and otherwise upon information and belief allege as follows:

### NATURE OF THE CASE

1.     Plaintiffs, minor children, bring this class-action lawsuit individually and on behalf of all other similarly situated minor children under the age of 13 and their guardians to enforce the privacy rights of minor children under the age of 13 on the Internet.  Defendants Viacom and Google, through the conduct described hereinafter, violated those rights.

2.     Defendant Viacom operates the websites www.nick.com and www.nickjr.com.

3.     Minor children CAF, CTF, MP, TP, and AV and the putative class are children under the age of 13 who visited the Viacom websites www.nick.com, and www.nickjr.com and whose privacy rights Defendants violated by way of unauthorized tracking of their Internet

communications and video viewing habits via cookies placed on their computers at those websites.

4.      Upon obtaining information on the plaintiffs' communications and web activities, the Defendants conspired to use and profit from said information for targeted marketing directed at the plaintiffs and the individual class members over the Internet.

5.      As set forth below, the plaintiffs and others similarly situated, suffered invasions of privacy in direct violation of federal law, when Viacom and Google developed, implemented, and profited from cookies designed to track the Internet communications and video viewing habits of minor children under the age of 13.

6.      The Defendants' willful and knowing actions violated 18 U.S.C. § 2710 (Video Privacy Protection Act) and 18 U.S.C. § 2510, et seq. (Wiretap Act),  In addition, the Defendants' conduct gives rise to the tort of intrusion upon seclusion and a claim for unjust enrichment.

## **<u>PARTIES</u>**

7.      Plaintiffs **CAF and CTF**, and their father, **Anthony R. Fiore, Jr**., reside in the State of New Jersey. Plaintiff **MP** and his father, **Michael Pond** reside in the State of New Jersey. Plaintiff **TP** and her mother, **Tiffany Parrott** reside in the State of New Jersey. **AV** and his father, **Paul Vogel** reside in the State of New York.

8.      Plaintiffs registered and created profiles on the websites www.nick.com and www.nickjr.com

9.      Plaintiffs have requested and obtained video materials on the websites www.nick.com and www.nickjr.com.

10.     Defendant Viacom, Incorporated is a publicly traded Delaware corporation which does business in the State of New Jersey, the United States and throughout the world.  Defendant Viacom maintains its principal place of business in the state of New York.

11.     Defendant Google, Incorporated is a publicly traded Delaware corporation which does business in the State of New Jersey, the United States and throughout the world.  Defendant Google maintains its principal place of business in the state of California.

## JURISDICTION AND VENUE

12.     This Court has jurisdiction over this action and all the defendants pursuant to 28 U.S.C. § 1331 in that this action arises under statutes of the United States, specifically violations of 18 U.S.C. § 2710 (Video Privacy Protection Act) and 18 U.S.C. § 2510, et seq. (Wiretap Act).

13.     The Defendants have voluntarily submitted themselves to the jurisdiction of this Court and jurisdiction is proper because, among other things:

(a)     All Defendants directly and purposefully obtained, misappropriated and used information relating to wire or electronic communications of individuals living in New Jersey, including the Plaintiffs and the individual Class members;

(b)     All Defendants committed tortious acts within the state of New Jersey by misappropriating personal information, including but not limited to video viewing habits, and/or wire or electronic communications of citizens of New Jersey and otherwise violating the Video Privacy Protection Act and Wiretap Act;

(c)     Plaintiff's and the class members' causes of action directly arise from the Defendant's commission of tortious and unlawful acts in New Jersey;

(d)     Plaintiff's and the Class members' causes of action directly arise from the Defendants' transaction of business in New Jersey;

(e)     By virtue of their activities in New Jersey, the Defendants should reasonably

anticipate responding to civil actions filed in New Jersey to answer for their

unlawful acts, and New Jersey has a strong interest in providing a forum for its

residents aggrieved by violations of federal law.

## GENERAL ALLEGATIONS

14.     The plaintiffs are registered users of the Viacom websites www.nick.com and

www.nickjr.com.

15.     The plaintiffs are minor childred under the age of 13.

16.     Nick.com is a website with a target audience of children.

17.     NickJr.com is a website with a target audience of children.

18.     Upon the plaintiffs' visits to www.nick.com and www.nickjr.com, Defendant

Viacom placed Internet "cookies" on the plaintiffs' computers which tracked their

communications both to the website visited and other websites on the Internet.

19.     Upon the plaintiffs' visits to www.nick.com and www.nickjr.com, Defendant

Google placed Internet "cookies" on the plaintiffs' computers which tracked their

communications both to the website visited and other websites on the Internet.

20.     Immediately upon plaintiffs visiting www.nick.com and www.nickjr.com,

Google.com placed a doubleclick.net cookie named "id" on plaintiffs' computers.

21.     Google Inc., through its relationship with Viacom, uses the "id" cookie to track

the electronic communications of the plaintiffs, including but not limited to websites visited by

the plaintiffs.

22.     Additionally, Viacom knowingly permits Google to use the "id" cookie to track video materials requested and obtained from www.nick.com and www.nickjr.com by the plaintiffs.

23.     Google Inc., through its relationship with Viacom, uses the "id" cookie to track video materials requested and obtained from Nick.com and NickJr.com by the plaintiffs.

24.     Javascript code is used to place the "id" cookie, which provides Google access to all information obtained through the first-party cookies placed by Defendant Viacom on the plaintiffs' computers.

25.     Defendant Google's website informs potential ad buyers that it can identify web users with Google's doubleclick.net cookies: "For itself, Google identifies users with cookies that belong to the doubleclick.net domain under which Google serves ads. For buyers, Google identifies users using a buyer-specific Google User ID which is an obfuscated version of the doubleclick.net cookie, derived from but not equal to that cookie." Current at https://developers.google.com/ad-exchange/rtb/cookie-guide as of September 28, 2012.

26.     Defendant Viacom allowed visitors of www.nick.com to create user accounts via a "Join the Club" link on the site's homepage.

27.     Defendant Viacom's form for the creation of a user account included a question asking users for their birth date.

28.     As a result, Defendant Viacom knows the age of its users who have accounts at www.nick.com, and knows which of its users are under the age of 13.

29.     After a user creates an account, Defendant Viacom creates a unique identifier through the user's chosen "Nickname/Display Name" of between 3 to 10 characters.

30.     After receiving an application from a user who is a minor under the age of 13, Defendant Viacom does not attempt to gain permission or otherwise inform the parent or guardian of the minor under the age of 13 that the minor under the age of 13 has created an account.

31.     Defendant Google's cookies include code described in ¶24 which allow it to determine the age of users logged-in to www.nick.com.

32.     Defendant Viacom knowingly permits Google to place its doubleclick.net "id" cookie on the computer of minor children under the age of 13 even after those children have informed Defendant Viacom through the sign-up process that they were minors under the age of 13.

33.     The doubleclick.net "id" cookie remains on the computers of minor children under the age of 13 even after those children have informed Defendant Viacom through the sign-up process that they were minors under the age of 13.

34.     Defendant Google uses its doubleclick.net "id" cookie to, among other things:

(a) Keep records of the plaintiffs' Internet communications and use;

(b) Keep records of the video materials requested and obtained on www.nick.com and www.nickjr.com by the plaintiffs; and

(c) Use the records of tracking data it receives regarding each plaintiff to sell targeted advertising to them based on their individualized web usage communications, and videos requested and obtained.

35.     Defendant Viacom discloses the videos requested and obtained by the plaintiffs from the websites www.nick.com and www.nickJr.com by permitting Google to use the doubleclick.net "id" cookie on video pages on those websites.

## CLASS ALLEGATIONS

36.     This action is properly brought as a plaintiff class action pursuant to Fed. R. Civ.

P. 23(b) (2) and (3). Plaintiffs bring this action on behalf of minor children under the age of 13

and all others similarly situated, as representative of the following class and subclass:

> **U.S. Resident Class**: All minor children under the age of 13 in the
> United States who accessed www.nick.com or www.nickjr.com and on
> whose computers defendant Viacom and defendant Google placed
> Internet cookies which tracked their Internet use and communications.

> **Video Subclass**: All minor children under the age of 13 in the United
> States who accessed www.nick.com or www.nickjr.com and engaged
> with one or more video materials which defendant Viacom knowingly
> allowed defendant Google to track by placing Internet cookies on
> those users' computers.

37.     Plaintiffs meet the requirements of both the U.S. Resident Class and the Video

Subclass.

38.     The particular members of these classes and subclasses are capable of being

described without difficult managerial or administrative problems.  The members of the classes

and subclasses are readily identifiable from the information and records in the possession or

control of the defendants.

39.     The Class members are so numerous that individual joinder of all members is

impractical.  This allegation is based upon information and belief that Defendants intercepted the

Internet communications and tracked the video viewing habits of millions of www.nick.com and

www.nickjr.com users.

40.     There are questions of law and fact common to the Class that predominate over

any questions affecting only individual members of the Class, and, in fact, the wrongs suffered

and remedies sought by Plaintiffs and the Class are premised upon an unlawful scheme

participated in by all defendants.  The principal common issues include, but are not limited to,

the following:

(a)     The nature and extent of the Defendants' participation in intercepting wire or electronic communications of class members;

(b)     Whether or not the interception of wire or electronic communications was intentional;

(c)     Whether or not Defendants should be enjoined from intercepting any wire or electronic communications without the consent of its users;

(d)     Whether the actions taken by Defendants in intercepting the wire or electronic communications of class members violate the Wiretap Act;

(e)     The nature and extent to which the wire or electronic communications of class members was unlawfully intercepted, tracked, stored or used;

(f)     The nature and extent to which defendant Viacom disclosed the video material its users requested and obtained to defendant Google;

(g)      The nature and extent to which personally identifiable information, in the form of video materials requested and obtained by Viacom website users, was unlawfully disclosed by Viacom;

(h)     Whether the actions taken by Defendant Viacom violate the Video Privacy Protection Act;

(i)     Whether the Defendants intruded upon the plaintiffs' seclusion;

(j)     The nature and extent of all statutory penalties or damages for which the Defendants are liable to Class members; and

(k)     Whether punitive damages are appropriate.

41.     Plaintiffs' claims are typical of those of the Class and are based on the same legal and factual theories.

42.     Plaintiffs by and through their parents, will fairly and adequately represent and protect the interests of the class. Plaintiffs have suffered injury in their own capacity from the practices complained of and are ready, willing and able to serve as class representatives. Moreover, Plaintiffs' counsel is experienced in handling class actions and actions involving unlawful commercial practices, including actions involving the invasion of privacy rights on the Internet.  Neither Plaintiffs nor their counsel have any interests that might cause them not to vigorously pursue this action.  Plaintiffs' interests coincide with, and are not antagonistic to, those of the Class members they seek to represent.

43.     Certification of a class under Fed. R. Civ. P. 23 (b) (2) is appropriate because the Defendants have acted on grounds that apply generally to the class so that final injunctive relief is appropriate respecting the class as a whole.

44.     Certification of a plaintiff class under Fed. R. Civ. P. 23(b)(3) is appropriate in that the plaintiffs and class members seek monetary damages, common questions predominate over any individual questions, and a class action is superior for the fair and efficient adjudication of this controversy.  A class action will cause an orderly and expeditious administration of the Class members' claims and economies of time, effort and expense will be fostered and uniformity of decisions will be ensured.  Moreover, the individual class members are unlikely to be aware of their rights and not in a position (either through experience or financially) to commence individual litigation against these defendants.

45.     Alternatively, certification of a class action under Fed. R. Civ. P. 23(b)(1) is appropriate in that inconsistent or varying adjudications with respect to individual members of

the Class would establish incompatible standards of conduct for the defendants or adjudications with respect to individual members of the Class as a practical matter would be dispositive of the interests of the other members not parties to the adjudications or would substantially impair or impede their ability to protect their interests.

## COUNT I – VIOLATION OF THE WIRETAP ACT
(as to Defendant Viacom, Inc. and Defendant Google, Inc.)

46.     Plaintiffs incorporate all preceding and subsequent paragraphs as though fully set forth herein.

47.     As described herein, Defendants intentionally intercepted and collected the electronic communications of minor children under the age of 13 who were users of www.nick.com and www.nickjr.com through the use of a device.

48.     The Defendants placed cookies on the plaintiffs' computers which were designed to track and record plaintiffs' web usage and communications, including, but not limited to their browsing histories.

(a)     Defendant Google placed the doubleclick.net "id" cookie on plaintiffs' computers before each individual user created an account or logged-in to the respective websites with target audiences of children.

(b)     Defendant Google's doubleclick.net "id" cookie remained on plaintiffs' computers after individual users who were minor children under the age of 13 created an account or logged-in and informed Defendant Viacom that they were minor children under the age of 13.

(c)     Defendant Google's doubleclick.net "id" cookie is capable of determining each individual user's response to Defendant Viacom's "birthdate" question in the form necessary to create a user account and collects information about the user's

age via code.

49.     The Google doubleclick.net "id" cookie tracked and recorded the web usage and communications of the plaintiffs simultaneous to, and, in some cases, before plaintiffs' communications with third-parties were consummated such that the tracking and recording was contemporaneous with the plaintiffs' communications and while the communications were in-transit.

50.     The transmission of data between plaintiffs' computer or other devices and the Internet are "electronic communications" within the meaning of 18 U.S.C. § 2510(12).

51.     The following constitute "devices" within the meaning of 18 U.S.C. §2510(5):

(a) Each individual cookie the Defendants used to track plaintiffs' communications;

(b) The plaintiffs' browsers which the Defendants used to place and extract data from the individual cookies;

(c) The plaintiffs' computers;

(d) The Defendants' web servers; and

(e) The plan or scheme the Defendants carried out to effectuate their purpose of tracking the electronic communications of minor children.

52.     The plaintiffs, minor children under the age of 13, did not, and, as a matter of law, could not have consented to the tracking of their web usage and communications.

53.     The plaintiffs' legal guardians did not consent to the tracking of plaintiffs' web usage and communications.

54.     Neither Defendant Viacom nor Defendant Google attempted to obtain the permission of the parents or guardians of the plaintiffs or other minor children under the age of 13 whose electronic communications were tracked via cookies.

55.    Defendant Viacom, as a matter of law, could not have consented to the tracking of the web usage and communications of minor children under the age of 13 using their websites.

56.    Defendant Viacom and Defendant Google's actions were done for the tortious purpose of intruding upon the plaintiffs' seclusion as set forth in Count III of this Petition.

57.    As a direct and proximate result of such unlawful conduct, Defendants violated 18 U.S.C. § 2511 in that Defendants:

(a)    Intentionally intercepted, endeavored to intercept, or procured another person to intercept wire and/or electronic communications of the plaintiffs;

(b)    Upon belief predicated upon further discovery, intentionally disclosed or endeavored to disclose to another person the contents of Plaintiffs' wire or electronic communications, knowing or having reason to know that the information was obtained through the interception of wire or electronic communications in violation of 18 U.S.C. §2511(1)(a); and

(c)    Upon belief predicated upon further discovery, intentionally used or endeavored to use the contents of Plaintiffs' wire or electronic communications, knowing or having reason to know that the information through the interception of wire or electronic communications in violation of  18 U.S.C. §2511(1)(a).

58.    As a result of the above violations and pursuant to 18 U.S.C. § 2520, Defendants are liable to Plaintiff and the Class in the sum of statutory damages consisting of the greater of $100 for each day each of the class members' data was wrongfully obtained or $10,000 per violation, whichever is greater; injunctive and declaratory relief; punitive damages in an amount to be determined by a jury, but sufficient to prevent the same or similar conduct by the Defendants in the future, and a reasonable attorney's fee and other reasonable litigation costs.

## COUNT II – VIOLATION OF THE VIDEO PRIVACY PROTECTION ACT ("VPPA")
### (as to Defendant Viacom, Inc.)

59.     Plaintiffs incorporate all preceding and subsequent paragraphs as though fully set forth herein.

60.     The Video Privacy Protection Act, 18 U.S.C. §2710, referred to hereafter as the "VPPA," regulates disclosure of records concerning the rental, sale or delivery of prerecorded video cassette tapes or similar audiovisual materials.

61.     The VPPA makes it unlawful for a video service provider to "knowingly disclose[s] personally identifiable information concerning any consumer of such provider."

      (a) As defined in 18 U.S.C. §2710(a)(3), "personally identifiable information" is that which "identifies a person as having requested or obtained specific video materials or services from a video tape service provider."

      (b) As defined in 18 U.S.C. §2710(a)(4), a "video tape service provider" is "any person, engaged in the business, in or affecting interstate or foreign commerce, of rental, sale or delivery of prerecorded video cassette tapes or similar audiovisual materials."

62.     Defendant Viacom is a "video tape service provider" within the meaning of 18 U.S.C. §2710(a)(4) because it is a person engaged in the business of the delivery of prerecorded video cassette tapes or similar audio visual materials as defined by the VPPA, in that:

      (a) The home page of www.nick.com advertises it as the place to watch "2000+ FREE ONLINE VIDEOS." The home page prominently features a rotating section offering users the opportunity to click and watch various videos. In addition, two of the first three links in the top bar on the Nick.com homepage refer to audio-visual materials. See www.nick.com as of September 28, 2012.

(b) The home page of www.nickjr.com advertises it as a place to watch the following children's shows: Dora the Explorer, Bubble Guppies, UmiZoomi, FreshBeat Band, Diego, Max & Ruby, Mike the Knight, and more. Immediately upon visiting NickJr.com, the page loads videos which play in the upper right hand portion of the home-page.

63.    Defendant Viacom violated the VPPA by knowingly disclosing the plaintiffs' personally identifiable information to Defendant Google by allowing Google to place its doubleclick.net "id" cookie on the plaintiffs' computers when said cookie included code which provided Google with access to information about the plaintiffs obtained through the first-party cookies placed by Defendant Viacom on the plaintiffs' computers; through the use of the first party cookie and its own "id" cookie, defendant Google was able to obtain information including the videos requested, obtained, and watched by plaintiffs on Viacom's websites Nick.com and NickJr.com.

64.    As a result of the above violations and pursuant to 18 U.S.C. §2710, Defendants are liable to Plaintiffs and the Class for "liquidated damages" of not less than $2,500 per plaintiff; reasonable attorney's fees and other litigation costs; injunctive and declaratory relief; and punitive damages in an amount to be determined by a jury, but sufficient to prevent the same or similar conduct by the Defendants in the future.

## COUNT III – INTRUSION UPON SECLUSION

65.    Plaintiffs incorporate all preceding and subsequent paragraphs as though fully set forth herein.

66.    In tracking the electronic communications and video materials requested and obtained by minor children under the age of 13 without the consent of the children or their legal

guardians, the Defendants intentionally intruded upon the plaintiffs' solitude or seclusion in that they took information from the privacy of the homes, and in some cases, bedrooms, of minor children under the age of 13 without even an attempt to gain permission from the parents or guardians of said minor children.

67.     The plaintiffs, minor children under the age of 13, did not, and, by law, could not have consented to the Defendants' intrusion.

68.     The Defendants' intentional intrusion on solitude or seclusion of the Plaintiffs, minor children under the age of 13, would be highly offensive to a reasonable person.


## COUNT IV – UNJUST ENRICHMENT

69.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

70.     Plaintiffs conferred a benefit on Defendants without plaintiffs' consent or the consent of their parents or guardians, namely access to wire or electronic communications over the Internet.

71.     Upon information and belief, Defendants realized such benefits through either sales to third-parties or greater knowledge of its own users' behavior without their consent.

72.     Acceptance and retention of such benefit without Plaintiff's consent is unjust and inequitable.


## PRAYER FOR DAMAGES

**WHEREFORE,** Plaintiffs, on behalf of themselves and all members of the Class respectfully pray for judgment against the defendants as follows:

(a) For an order certifying that this action may be maintained as a class action under Fed.

R. Civ. P. 23(b)(2) and (3) or, in the alternative, Fed. R. Civ. P. 23(b)(1) and appointing Plaintiffs and their counsel, to represent the Class and directing that reasonable notice of this action be given to all other members of the Class as necessary and appropriate;

(b)  For a declaration that the Defendant's actions violated 18 U.S.C. § 2710.

(c)  For a declaration that the Defendants' actions violated 18 U.S.C. §2510 *et seq.*;

(d)  For a declaration the Defendants unlawfully intruded upon the seclusion of the plaintiffs, minor children under the age of 13;

(e)  For a declaration that the Defendants, through their actions and misconduct as alleged above, have been unjustly enriched and an order that Defendants disgorge such unlawful gains and proceeds;

(f)  For all actual damages, statutory damages, penalties, and remedies available for the Defendants' violations of the Video Privacy Protection Act, 18 U.S.C. § 2710  and the Wiretap Act, 18 U.S.C. §2510 *et seq*.

(g)  That judgment be entered against Defendants for statutory damages pursuant to 18 U.S.C. §2520(b)(2);

(h)  For all actual, statutory and liquidated damages, penalties, and remedies available for Defendant Viacom's violations of the Video Privacy Protection Act, 18 U.S.C. §2710;

(i)  That Plaintiffs and the Class recover pre-judgment and post-judgment interest as permitted by law;

(j)  For an award to Plaintiffs and the Class of their reasonable attorneys fees and other litigation costs reasonably incurred pursuant to 18 U.S.C. 2520(b)(3);

(k) That the court enter an order granting Plaintiffs and the Class a preliminary and permanent injunction restraining and enjoining Defendants from any act to intercept electronic information from its users when they are not logged-in and from disclosing any of the information already acquired on its servers;

(l) That the Court grant such other and further relief as may be just and proper;

## JURY DEMAND

Plaintiffs demand that all issues so triable in this Complaint be tried to a jury.

## CERTIFICATION

Pursuant to L. Civ. R. 11.2, I hereby certify that the matter in controversy is not the subject of any other action pending, arbitration, or administrative proceeding to Plaintiffs' knowledge.

Dated: December 24, 2012.

BY:   /s/  Barry R. Eichen
Barry R. Eichen (Beichen@njadvocates.com)
Daryl Zaslow (Dzaslow@njadvocates.com)
Thomas Paciorkowski (tpaciorkowski@njadvocates.com)
**Eichen Crutchlow Zaslow & McElroy, LLP**
40 Ethel Road
Edison, NJ  08817
Telephone: (732) 777-0100
*Attorneys for Plaintiffs*