

BLANK ROME LLP
COUNSELORS AT LAW

Phone:  609-750-2646
Fax:    609-897-7286
Email:  orlofsky@blankrome.com

August 25, 2014

**VIA ECF**

Honorable Stanley R. Chesler
United States District Judge
United States District Court for the District of New Jersey
Frank R. Lautenberg United States Post Office & Courthouse
Newark, New Jersey 07101

    Re:    **In re Nickelodeon Consumer Privacy Litigation**
                **No. 2:12-cv-07829, MDL No. 2443**

Dear Judge Chesler:

    Defendant Viacom Inc. ("Viacom"), joins in the request made today by defendant Google Inc. ("Google"). This Court should (a) strike the version of the complaint filed on August 14, 2014 ("August 2014 Complaint"); (b) permit Plaintiffs to promptly file a complaint limited to the claims previously dismissed without prejudice and related allegations of fact; and (c) set an appropriate schedule for motions to dismiss.

    First, Viacom agrees Plaintiffs should not be permitted to attempt to replead the claims that this Court previously dismissed with prejudice. As to Viacom, these are the Wiretap Act claim, the California Invasion of Privacy Act claim, and the unjust enrichment claim. Re-pleading is unnecessary, impermissible, and creates inefficiency:

- All the claims are fully preserved for appeal without the additional allegations. Plaintiffs acknowledge this in their August 14 letter.

- This Court's prior opinion properly spoke solely to the repleading of the claims that were dismissed without prejudice. See Opinion (Jul. 2, 2014), Docket No. 65, at 39 (granting leave to replead so that Plaintiffs could try "to cure the defects in those claims," i.e., the ones dismissed without prejudice).

- On any appeal, the Third Circuit would only review the version of the complaint that was before this Court at the time it dismissed the claims with prejudice – i.e., the version filed on October 23, 2013 (Docket No. 42). *See generally In re Westinghouse Sec. Litig.*, 90 F.3d 696 (3d Cir. 1996) (on appeal from decisions on motions to dismiss an original complaint and two amended versions, panel evaluated claims based on the allegations in the

301 Carnegie Center  3rd Floor  Princeton, New Jersey 08540
A Pennsylvania LLP  Stephen M. Orlofsky, New Jersey Administrative Partner
www.BlankRome.com

Boca Raton • Cincinnati • Houston • Los Angeles • New York • Philadelphia • Princeton • Shanghai • Washington • Wilmington

129205.00616/50630935v.1



Hon. Stanley R. Chesler
August 25, 2014
Page 2

version of the complaint that the district court dismissed with prejudice). Yet Plaintiffs have added new allegations of fact that, on their face, apply to the entirety of the August 2014 Complaint. *See* August 2014 Complaint at 5 (all allegations of fact in section V of the complaint are "common to all counts," including the claims dismissed with prejudice); *id.* ¶¶ 58, 64, 68–72, 79, 84–111 (newly added allegations within section V). Plaintiffs also have changed the allegations specific to the Wiretap Act claim; Paragraphs 140–143 of the dismissed Complaint, within the Wiretap Act section, do not appear in the corresponding section of the August 2014 Complaint.

Second, Viacom agrees that Plaintiffs' attempt to assert an entirely new claim under the Computer Fraud and Abuse Act ("CFAA") (August 2014 Complaint ¶¶ 200–211) should not be allowed. As noted, this Court has only allowed re-pleading of the claims that were dismissed without prejudice – not the addition of an entirely new claim. Plaintiffs long ago utilized their one opportunity under Fed. R. Civ. P. 15(a) to amend the complaint without further leave of court. *See* complaint filed on October 23, 2013 (Docket No. 42), amending the Complaint filed on December 24, 2012 (Docket No. 1). Nothing prevented Plaintiffs from attempting to state a CFAA claim in their earlier complaints. *Cf. Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 267 (3d Cir. 2008) (denying leave to amend where a plaintiff had prior opportunities to amend and "offered no excuse or explanation to the District Court for his delay").

The attempted amendment also should be rejected as futile because the proposed CFAA claim against Viacom fails as a matter of law. *See, e.g., Holst v. Oxman*, 290 Fed. App'x 508, 510 (3d Cir. 2008) (affirming denial of leave to amend where "the proposed Amended Complaint fails to state a claim . . . and would therefore be futile."). At a minimum, the "conduit" and "conspiracy" theories are legally insufficient, as are Plaintiffs' conclusory allegations of damage. Viacom reserves the right to set forth in full, if necessary, the reasons why the claim fails.

Viacom thanks the Court for its attention to this matter.

Respectfully yours,

*s/ Stephen M. Orlofsky*

STEPHEN M. ORLOFSKY

SMO/ds
cc:   All Counsel of Record, via ECF